UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 4:14CR91 AGF (DDN) |
|  | ) |  |
| JODY GOLDSBERRY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**GOVERNMENT'S MOTION IN LIMINE FOR ADMISSION OF INTRINSIC
EVIDENCE AND OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Cristian M. Stevens, Assistant United States Attorney for said District, and moves this Court in limine to admit at trial evidence intrinsic to the crime charged in the indictment, or in the alternative, evidence of other crimes, wrongs, or acts of defendant, pursuant to Federal Rule of Evidence 404(b). In support of its motion, the Government states as follows:

**I. INTRODUCTION**

Defendant Jody Goldsberry is charged with being a previously convicted felon in possession of a firearm and ammunition in or about January 2013, in violation of 18 U.S.C. §922(g)(1). That charge arises out of defendant's shooting his 80 year old mother, Lillian Goldsberry, on January 29, 2013, at their residence at 9821 Goldman Road. The shooting investigation resulted in the seizure of various firearms and large quantities of ammunition from the residence, and revealed defendant's possession of other firearms and ammunition in and about January 2013.

1

The Government has given notice to defendant, by letter dated April 9, 2015, and filed with the Court, that it intends to offer evidence at trial regarding defendant's prior conviction for Possession of a Loaded Firearm While Intoxicated on June 18, 2007, in Jefferson County Circuit Court.[1]

The Government also provided notice that it intends to introduce evidence of defendant's repeated possession of firearms and ammunition at 9821 Goldman Road in the months leading up to and including January 2013. This evidence includes defendant's statements that he previously possessed an AR-15 assault rifle at 9821 Goldman Road. The evidence also includes defendant's statements that he manufactured a .50 caliber rifle in his machine shop at 9821 Goldman Road, and his display of that .50 caliber rifle to various witnesses at 9821 Goldman Road. The Government also intends to offer evidence of defendant's possession of a semi-automatic pistol at 9821 Goldman Road in the months leading up to and including January 29, 2013, and his statements that he regularly carried the pistol on his person. Finally, the evidence includes defendant's carrying a firearm in his 1955 Chevy Bel-Air and discharging, and admitting that he discharged, firearms in the yard of 9821 Goldman Road both before and after January 29, 2013.

Although the evidence is intrinsic to the offense for which defendant is charged, the Government provided notice pursuant to Rule 404(b) out of an abundance of caution.

---

[1] In addition to the above conviction, defendant has been convicted of, among other things, Burglary Second Degree, Leaving the Scene of a Motor Vehicle Accident, Unlawful Use of a Weapon, Endangering the Welfare of a Child, Assault on a Law Enforcement Officer Second Degree on two separate occasions, Armed Criminal Action, and Driving While Intoxicated on multiple occasions. The Government does not seek to offer evidence regarding these additional convictions pursuant to Rule 404(b).

## II. FACTS

### A. This Case

On January 29, 2013, deputies with the Jefferson County Sheriff's Department responded to 911 calls for a shooting at defendant's residence at 9821 Goldman Road, in Jefferson County, within the Eastern District of Missouri. In one call, defendant claimed that his 80 year old mother, Lillian Goldsberry, was shot by a bullet that entered through the kitchen window. In another call, Lillian Goldsberry claimed that she accidentally shot herself.

The deputies found Lillian Goldsberry at 9821 Goldman Road suffering from a gunshot wound to the left arm. Lillian Goldsberry gave various inconsistent explanations for the shooting, but later admitted that defendant shot her as they struggled over a gun.

A search of the kitchen of 9821 Goldman Road revealed: a spent .45 caliber shell casing on the floor; blood spatter on the walls; and a Rohm .22 caliber revolver, loaded with five rounds, on top of the refrigerator. The kitchen windows were undamaged.

From defendant's bedroom, the deputies recovered: a homemade .50 caliber rifle; loose rounds of .223 caliber ammunition under the bed; and two 1,000-round cases of Wolf .223 caliber ammunition in the closet.

In a second bedroom, the deputies found under the bed: a Remington .22 caliber rifle, loaded with six rounds; a Remington 16 gauge shotgun; a Marlin 30-30 caliber rifle, loaded with one round in the chamber and four rounds in the magazine; and a Central Arms Company 12 gauge shotgun. They also found numerous boxes of shotgun shells and various other rounds of ammunition in the dresser.

In the basement family room, the deputies discovered: a manual describing how to build a .50 caliber rifle; a spent .50 caliber shell casing; and a VHS tape showing how to build a .50 caliber

rifle. They found machining equipment in the basement and in the garage, as well as defendant's 1955 Chevy Bel-Air in the garage.

Finally, the deputies recovered mail addressed to defendant at 9821 Goldman Road and defendant's state identification card.

The evidence was processed for latent fingerprints by a fingerprint expert. Defendant's fingerprints were found on the .50 caliber rifle, the Remington .22 caliber rifle, and the manual for building the .50 caliber rifle.

On March 27, 2014, the federal grand jury returned an indictment charging defendant with one count of being a felon in possession of a firearm and ammunition in or about January 2013.

**B.   Defendant's Possession of Firearms and Ammunition**

If permitted at trial, the Government will elicit evidence regarding defendant's prior conviction for Possession of a Loaded Firearm While Intoxicated on June 18, 2007, in Jefferson County Circuit Court. More specifically, the Government will prove that defendant, while driving his 1955 Chevy Bel-Air, possessed an AR-15 assault rifle, loaded with Wolf .223 caliber ammunition, and 200 additional rounds of Wolf .223 caliber ammunition. The ammunition is identical to two cases of Wolf .223 caliber ammunition found in defendant's residence at 9821 Goldman Road on January 29, 2013, in the present case. The sales receipt on one of the cases of ammunition establishes that the ammunition was purchased less than three weeks before defendant's arrest for possessing the loaded AR-15 assault rifle.

The Government also intends to introduce evidence of defendant's repeated possession of firearms and ammunition at 9821 Goldman Road in the months leading up to and including January 2013. This evidence includes defendant's admission to one witness that he previously possessed an AR-15 assault rifle at 9821 Goldman Road. That AR-15

4

assault rifle apparently was the same firearm, loaded with Wolf .233 caliber ammunition, for which defendant was convicted in 2007. Regardless, defendant's admission that he possessed an AR-15 assault rifle connects him to the .223 caliber ammunition found in his residence on January 29, 2013.

The evidence also includes defendant's statements to various witnesses, in the months before the shooting, that he manufactured a .50 caliber rifle in his machine shop at 9821 Goldman Road, and his display of that .50 caliber rifle to various witnesses at 9821 Goldman Road. That .50 caliber rifle and a manual for manufacturing a .50 caliber rifle, both of which bear defendant's fingerprints, were seized from 9821 Goldman Road on January 29, 2013.

The Government's evidence includes defendant's possession of a .45 caliber semi-automatic pistol at 9821 Goldman Road in the months leading up to and including January 29, 2013, and his statements to several witnesses that he regularly carried the pistol on his person. That pistol, and defendant's regular possession of it as late as the day of the shooting, ties defendant to the .45 caliber shell casing found on the kitchen floor at 9821 Goldman Road on January 29, 2013, immediately after Lillian Goldsberry was shot.

Finally, the evidence includes defendant's carrying a firearm in his 1955 Chevy Bel-Air, just as he did in connection with his 2007 conviction, and discharging, and admitting that he discharged, firearms in the yard of 9821 Goldman Road both approximately four to five years before, and several months after, January 29, 2013.

# III. ARGUMENT

## A. The Evidence is Intrinsic to the Crime Charged.

Pursuant to Rule 404(b), the Government disclosed its intention to offer evidence of defendant's possession of firearms and ammunition in an abundance of caution. The Government's position is that, although the evidence may be admitted under Rule 404(b), notice pursuant to Rule 404(b) is not necessary because the evidence is intrinsic to the offense for which defendant is charged. See United States v. Battle, 774 F.3d 504, 511-12 (8th Cir. 2014); United States v. Adams, 604 F.3d 596, 598-99 (8th Cir. 2010); United States v. Flenoid, 415 F.3d 974, 976-77 (8th Cir. 2005); United States v. Rock, 282 F.3d 548, 550-51 (8th Cir. 2002); Moore v. United States, 178 F.3d 994, 1000 (8th Cir. 1999).

In its recent opinion in Battle, the Eighth Circuit reiterated, "When evidence of other crimes tends logically to prove any element of the crime charged it is admissible as an integral part of the immediate context of the crime charged and is not extrinsic and therefore is not governed by Rule 404(b)." Battle, 774 F.3d at 511 (quoting United States v. Bass, 794 F.2d 1305, 1312 (8th Cir. 1986)).

The evidence here is especially intrinsic to the crime charged for several reasons. First, the very firearms and ammunition previously possessed by defendant largely are the same firearms and ammunition possessed by defendant in or about January 2013, or otherwise are direct evidence of defendant's possession of the charged firearms and ammunition. See Battle, 774 F.3d at 511 ("Prior possession of a firearm is directly relevant to proving later possession of that same weapon because it helps establish ownership or control of the weapon."); Rock, 282 F.3d at 550-551 (holding testimony from numerous witnesses that defendant burgled firearms, carried them to his residence, and displayed them to numerous witnesses prior to seizure of the firearms by police

6

"was not merely evidence of other wrongs, it was directly probative of the felon-in-possession charge").

For example, defendant's arrest and conviction for possessing an AR-15 .223 caliber assault rifle, loaded with Wolf .223 caliber ammunition, in his 1955 Chevy Bel-Air tends to prove that he possessed the cases of Wolf .223 caliber ammunition and other loose rounds of .223 caliber ammunition found at 9821 Goldman Road on January 29, 2013. What is more, the cases of Wolf .223 caliber ammunition were purchased less than three weeks before defendant's arrest, and defendant was observed transporting a rifle in his 1955 Chevy Bel-Air around that that time frame. Defendant's admission shortly before January 2013 that he previously possessed an AR-15 assault rifle at 9821 Goldman Road likewise is evidence that he possessed the .223 caliber ammunition.

Defendant's statements that he manufactured a .50 caliber rifle, and display of that rifle to various witnesses at 9821 Goldman Road within a few months of January 29, 2013, establishes his possession of the .50 caliber rifle seized on that date. Similarly, defendant's consistent possession of a .45 caliber pistol, including on the day of the shooting, is evidence that defendant possessed the .45 caliber shell casing found in the kitchen at 9821 Goldman Road immediately after the shooting.

Second, this evidence not only is direct evidence of defendant's possession of the firearms and ammunition at 9821 Goldman Road, but also establishes defendant's consistent presence at, and occupancy of 9821 Goldman Road. That defendant lived at 9821 Goldman Road likewise is evidence that he possessed the firearms and ammunition found therein.

Third, the instant indictment charges that defendant possessed a firearm and ammunition "in or about January 2013." Many of the instances of defendant's prior possession of firearms and ammunition overlap with, or occurred within, that time frame and, therefore, constitute

7

charged conduct.

The Eighth Circuit's decision in Adams is instructive, if not controlling. There, police officers searched the defendant's house on March 13, 2008. They recovered, among other things, a loaded semi-automatic rifle on the bedroom floor; two bags of ammunition, one of which was consistent with the rifle; and the defendant's photo identification. The defendant was charged with being a felon in possession of a firearm. See Adams, 604 F.3d at 598.

At trial, a witness testified that he observed the defendant with the rifle at the residence on four prior occasions. In the fall of 2007, the witness saw the defendant in the kitchen of the residence with the rifle. The witness again saw the defendant in another room with the rifle later in 2007. In early 2008, and again in February 2008, the witness heard gunfire from behind the house. See id.

On appeal, the defendant challenged the district court's admission of the witness' testimony as evidence intrinsic to the crime charged. The Eighth Circuit explained that the testimony regarding the defendant's prior possession of the rifle was "evidence of possession that 'directly supports' the charge." Id. at 599 (quoting Rock, 282 F.3d at 550-51). The court reasoned:

> [T]he testimony indicates that the same individual was in sole, knowing possession of the same rifle in the same house on four successive occasions leading up to the charged date. Such testimony therefore helps to establish his ownership or control of the gun. As the evidence "tends logically to prove an element of the crime charged," it is not subject to Rule 404(b). Adams, 604 F.3d at 599 (quoting Moore, 178 F.3d at 1000).

Accordingly, the Eighth Circuit affirmed the district court's admission of the testimony as intrinsic evidence. See Adams, 604 F.3d at 599; see also Battle, 774 F.3d at 511 (citing Adams, 604 F.3d at 599, for proposition that "[e]vidence that Battle used the firearm previously is highly

8

probative of his ownership or subsequent control over it, which supports a finding of constructive possession").

For these reasons, the above instances of defendant's prior possession of firearms and ammunition are admissible as evidence intrinsic to the crime charged.

**B.   The Evidence is Admissible Pursuant to Rule 404(b).**

Even if the evidence is not admitted as intrinsic evidence, it clearly is admissible pursuant to Rule 404(b).  Evidence of other crimes, wrongs, or acts is admissible pursuant to Rule 404(b) to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); United States v. Halk, 634 F.3d 482, 486 (8th Cir. 2011); United States v. Walker, 428 F.3d 1165, 1169 (8th Cir. 2005).  "Rule 404(b) is thus a rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in trial, unless it tends to prove only criminal disposition."   United States v. Oaks, 606 F.3d 530, 538 (8th Cir. 2010) (quoting United States v. Simon, 767 F.2d 524, 526 (8th Cir. 1985)); see also United States v. Foster, 344 F.3d 799, 801 (8th Cir. 2003) ("Rule 404(b) is a rule of inclusion; assuming that the other tests for admissibility are satisfied, evidence of a prior crime should be excluded only if its sole relevance goes to the character of the defendant.").

Rule 404(b) evidence is excluded "only when the evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." Halk, 634 F.3d at 487 (quoting United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006)).   It is well established that evidence of other crimes, wrongs, or acts properly is admitted when:

(1) it is relevant to a material issue;

(2) it is similar in kind and not overly remote in time to the crime charged;

(3) it is supported by sufficient evidence; and

9

(4) its potential prejudice does not substantially outweigh its probative value.

See Oaks, 606 F.3d at 539; United States v. Turner, 583 F.3d 1062, 1066 (8th Cir. 2009).

### 1. Relevant to a Material Issue

First, the evidence of defendant's prior possession of firearms and ammunition is relevant to defendant's opportunity to possess firearms, and the absence of mistake or accident. Again, this is particularly true considering that the firearms and ammunition defendant possessed prior to January 29, 2013, were the same firearms and ammunition found at his residence on that date, or otherwise are direct evidence of the crime charged.

Furthermore, defendant's prior possession of firearms and ammunition is relevant to his familiarity with, and knowledge that he possessed, the charged firearms and ammunition, which is an essential element of the Government's case. When a defendant claims that a firearm's presence is a mere coincidence or that it was possessed by someone else, evidence of previous possession of a firearm "establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." United States v. Jernigan, 341 F.3d 1273, 1281 (11th Cir. 2003); see also Halk, 634 F.3d at 487 (holding, where defendant was charged with being a felon in possession of a firearm, that defendant's prior convictions for armed criminal action and unlawful use of a weapon "address the material issue of his knowledge of the presence of the firearm and his intent to possess it"); Walker, 470 F.3d at 1274 (holding, where defendant was charged with being a felon in possession of a firearm, that defendant's "prior conviction for armed robbery addresses the material issue of his knowledge of the presence of the firearm and his intent to possess it"); United States v. Harris, 324 F.3d 602, 607 (8th Cir. 2003) (summarily affirming, in a felon-in-possession

10

case, district court's admission of Rule 404(b) testimony that "a visitor to [the defendant's] home . . . saw him possess a firearm prior to his arrest"). In other words, evidence of defendant's prior possession of firearms and ammunition is admissible for a purpose other than proving his past bad character and his present conformance therewith.

### 2. Similar and Not Overly Remote In Time

Second, the circumstances of defendant's prior possession of firearms and ammunition are sufficiently similar to the crimes for which defendant now is charged. In Walker, the Eighth Circuit noted that "the prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." Walker, 470 F.3d at 1275 (citation omitted). Defendant's 2007 conviction for possessing a firearm is extremely similar to the instant charge and, as explained above, is direct evidence that defendant possessed the Wolf .223 caliber ammunition found at 9821 Goldman Road on January 29, 2013.

Likewise, defendant's possession of the charged firearms and ammunition at 9821 Goldman Road is extremely similar to, and directly proved by: defendant's admission that he previously possessed an AR-15 assault rifle at 9821 Goldman Road; defendant's admissions that he manufactured a .50 caliber rifle in his machine shop at 9821 Goldman Road, and his display of that .50 caliber rifle to various witnesses at 9821 Goldman Road; defendant's possession of a .45 caliber semi-automatic pistol at 9821 Goldman Road immediately before the shooting, and his statements that he regularly carried the pistol on his person; and defendant's discharging, and admitting that he discharged, firearms in the yard of 9821 Goldman Road.

Regarding whether the evidence is overly remote in time, the Eighth Circuit long has instructed that "proximity in time is a factor in deciding whether to admit 404(b) evidence, but

11

there is no fixed period within which the prior acts must have occurred." United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996); see also United States v. Burkett, 821 F.2d 1306, 1310 (8th Cir. 1987) ("[T]here is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent.").

Less than six years have elapsed between defendant's June 18, 2007, conviction for Possession of a Loaded Firearm While Intoxicated (the most remote instance of defendant's prior possession of a firearm and ammunition offered by the Government) and his possession of firearms and ammunition in and about January 2013, for which he is charged here. That amount of time is not nearly so remote as to render the evidence inadmissible. See Halk, 634 F.3d at 487-88 (holding 19 year old armed criminal action conviction not unduly remote); Walker, 470 F.3d at 1274-75 (holding 18 year old robbery conviction properly admitted); United States v. Strong, 415 F.3d 902, 905-06 (8th Cir. 2005) (holding 16 year old conviction for being a felon in possession of a firearm properly admitted).

Furthermore, defendant's 2007 conviction promptly was succeeded by convictions for Driving While Intoxicated – Persistent Offender in 2009, Assault on a Law Enforcement Officer Second Degree in 2009, and Driving While Intoxicated – Chronic Offender in 2014, meaning that defendant has been imprisoned or under supervision for essentially the entire remaining interval. Even a significant lapse of time does not necessarily diminish the probative value of the prior bad acts when, as here, the prior bad acts are very similar to the present crimes and defendant was incarcerated for nearly the entire intervening time period. See Halk, 634 F.3d at 487-88 ("Although approximately nineteen years elapsed between Halk's armed criminal action offense in 1988 and the instant offense conduct in July 2008, it is an 'important circumstance' that Halk was

incarcerated from May 12, 1989 through April 23, 1999, and again from March 21, 2000 through August 6, 2002."); Walker, 470 F.3d at 1275 ("Because he had been out of prison for only eight years before committing the instant offense, the total number of years separating the prior offense and the charged offense did not 'significantly diminish the probativeness of the evidence.'").

Of course, if defendant's 2007 conviction is not unduly remote, then a fortiori defendant's more recent possession of firearms and ammunition, most of which occurred during or within a few months of the charged time frame, certainly are not unduly remote.

### 3. Sufficient Evidence

Third, the circumstances of defendant's previous conviction and prior possession of firearms and ammunition will be proven by sufficient evidence. The Government will present certified court records and brief testimony of the arresting officer regarding defendant's 2007 conviction, and first-hand testimony of the other instances of defendant's possession of firearms and ammunition. See Harris, 324 F.3d at 607 (witness testimony to defendant's prior possession of firearm); United States v. Ruiz-Estrada, 312 F.3d 398, 403-04 (8th Cir. 2002) (certified records of conviction); United States v. Bryson, 110 F.3d 575, 583 (8th Cir. 1997) (same).

### 4. Potential Unfair Prejudice Does Not Substantially Outweigh Probative Value.

Finally, the Eighth Circuit consistently has held in gun cases such as this that the potential unfair prejudice from evidence that a defendant previously possessed firearms does not substantially outweigh the probative value of such evidence. See Cole, 537 F.3d 923, 928 (8th Cir. 2008) ("We bear in mind that all Rule 404(b) evidence is inherently prejudicial, but the test under Rule 403 is whether its probative value is substantially outweighed by the danger of unfair prejudice." (emphasis in original)); United States v. Cockerham, 417 F.3d 919, 921 (8th Cir. 2005)

13

(holding admission of prior firearms convictions in trial of firearm charge was not unduly prejudicial). Again, this is particularly true here, given that defendant's prior possession of firearms and ammunition is uniquely relevant to, and directly probative of, the charged conduct. See Battle, 774 F.3d at 512 (rejecting defendant's argument that evidence of defendant's prior possession of charged handgun was unduly prejudicial under Rule 403); Adams, 604 F.3d at 599 ("We have little trouble in concluding that Rule 403 would not bar the testimony here. How the defendant used and controlled the weapon under similar circumstances is directly relevant to the charged offense.").

If the evidence is admitted solely pursuant to Rule 404(b), the Government will propose the model limiting instruction. The Eighth Circuit has counseled that such an instruction minimizes any undue prejudice from the admission of Rule 404(b) evidence. See United States v. Thomas, 593 F.3d 752, 759 (8th Cir. 2010); Cockerham, 417 F.3d at 921; United States v. Crenshaw, 359 F.3d 977, 1004 (8th Cir. 2004).

## IV. CONCLUSION

WHEREFORE, the Government respectfully requests that this Court grant its motion in limine and admit the foregoing evidence as intrinsic evidence of the crime charged or, in the alternative, as evidence of defendant's prior crimes, wrongs, or acts pursuant to Rule 404(b).

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

s/ *Cristian M. Stevens*
CRISTIAN M. STEVENS (#48028MO)
Assistant United States Attorney
111 S. Tenth Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 10th day of April, 2015, to Michael J. Mettes and N. Scott Rosenblum, 120 S. Central Avenue, Suite 130, Clayton, Missouri 63105.

                              s/ *Cristian M. Stevens*
                              ASSISTANT UNITED STATES ATTORNEY